**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isabel Rodriguez,<br><br>    Plaintiff,<br><br>v.<br><br>Momdoc,<br><br>    Defendant. | No. CV-25-02232-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion to proceed in forma pauperis ("IFP"). (Doc. 2). The Court will consider whether Plaintiff should be allowed to proceed in forma pauperis.

**I.     Legal Standards**

    **A.     Ability to Pay**

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees,* 787 F.3d 1226, 1235 (9th Cir. 2015). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234 (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)).

    **B.     28 U.S.C. § 1915(e)(2)**

    Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines

how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, *2 (D. Ariz. 2005).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, No. 22-CV-01801-BAS-WVG, 2023 WL 2468967, at *2 (S.D. Cal. Mar. 10, 2023).

**II.   Analysis**

**A.   Ability to Pay**

The Court has reviewed Plaintiff's financial information. (Doc. 2). In her application, Plaintiff claims her expenses are about $1000 per month less than her gross monthly pay, and that she has $8,300 in her checking account. Conversely, she claims she is living with family and has until recently received public assistance. While this is a close case, the Court finds that she does not have the ability to pay the filing fee and still afford life's necessities. Accordingly, the motion will be granted.

**B.   Screening**

Construed liberally, Plaintiff's complaint alleges that she worked for Defendant and had two disabilities: one involving her foot and one involving her arm. Plaintiff alleges that she sought reasonable accommodations for her disabilities and that Defendant refused any accommodations. Specifically, she sought an outfit accommodation due to her foot and a printer accommodation due to her arm. Plaintiff sues Defendant under the Americans with Disabilities Act. These allegations are sufficient to state a claim.[1]

---

[1] Plaintiff does not allege that she exhausted her claims with the EEOC, which may be a basis for Defendant moving to dismiss. *Coleman v. Maldnado*, 564 F. App'x 893, 894 (9th

**III.    Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the motion to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that Plaintiff must serve the summons, complaint and a copy of this Order on Defendant within the time set by Federal Rule of Civil Procedure 4(m). Plaintiff may either serve the complaint through her own means, or file a motion asking for service by the U.S. Marshals. Any motion for Marshal service must be filed within 14 days of the date of this Order.

Dated this 29th day of July, 2025.

James A. Teilborg
Senior United States District Judge

---

Cir. 2014) (a district court may properly grant a motion to dismiss despite a prior screening order finding the complaint stated a claim); *Jones v. Sullivan*, 19-CV-0025BKSCFH, 2020 WL 5792989, at *5 (N.D.N.Y. Sept. 29, 2020) ("A court's initial screening under § 1915(e) and/or § 1915A does not preclude a later dismissal under Fed. R. Civ. P. 12(b)(6).").