**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isabel Rodriguez, | No. CV-25-02232-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Momdoc[1], | |
| Defendant. | |

Pending before the Court is Defendant MomDoc, LLC's Motion to Dismiss First Amended Complaint (Doc. 20). Plaintiff Isabel Rodriguez filed a Response (Doc. 21). Defendant filed a Reply (Doc. 22). The Court now rules on the Motion.

## I.   BACKGROUND

Plaintiff Isabel Rodriguez ("Plaintiff") was employed by Defendant MomDoc, LLC ("Defendant") as a medical assistant at its obstetrical and gynecological practice in Arizona. (Doc. 19 ¶¶ 3, 8–9). Plaintiff was originally hired in October 2018, voluntarily left in February 2022, and was rehired in December 2022. (Doc. 19 ¶¶ 8, 11).

Plaintiff alleges she suffers from two disabilities: (1) a neurological disorder resulting in "club foot," which limits her ability to walk and work while wearing pants that are too long; and (2) an arm condition requiring surgery in January 2023, which limited her ability to write and perform manual tasks. (Doc. 19 ¶¶ 13, 18–19). Plaintiff alleges she

---

[1] The caption identifies Defendant as "Momdoc," while the operative pleadings and motion papers refer to "MomDoc, LLC." The Court treats these as the same entity and refers to Defendant as "MomDoc, LLC" or "Defendant" throughout this Order.

requested accommodations (the ability to wear her own scrubs and access to a computer and printer) for both conditions, and that Defendant refused both requests. (Doc. 19 ¶¶ 15, 17, 20, 22). She alleges she raised these issues numerous times before her termination on April 18, 2024. (Doc. 19 ¶¶ 16, 21, 23).

On December 12, 2024, Plaintiff filed a Charge of Discrimination ("the Charge") with the EEOC, alleging disability discrimination with a date range of January 1, 2024 through April 18, 2024. (Doc. 13-1 at 14–16). The Charge stated that Plaintiff was told to wear company scrubs in January 2024, that she reminded her supervisor of a doctor's note excusing her from this requirement, and that it was "painful to write" and she needed printer access. (Doc. 13-1 at 14–16). On March 31, 2025, the EEOC issued a Determination and Notice of Rights, declining to proceed further with its investigation. (Doc. 19 ¶ 25; Doc. 13-1 at 27–31).

Plaintiff filed her original pro se Complaint on June 27, 2025. (Doc. 1). After Defendant moved to dismiss, Plaintiff, now represented by counsel, sought leave to amend. (Docs. 13, 16). The Court granted leave and denied the Motion without prejudice. (Doc. 18). Plaintiff filed her First Amended Complaint ("FAC") on November 24, 2025, alleging a single claim for disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., based on Defendant's alleged failure to provide reasonable accommodations. (Doc. 19). Defendant filed the pending Motion on December 8, 2025. (Doc. 20).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a complaint to contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A defendant may challenge the sufficiency of a complaint under Rule 8(a) by filing a motion to dismiss for "failure to state a claim on which relief can be granted" under Rule 12(b)(6).

To decide a 12(b)(6) motion, courts generally focus on what the plaintiff has written in the complaint. 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and*

*Procedure § 1357* (3d ed. 2004 & Supp. 2022). This is because a Court usually cannot consider anything outside the complaint without transforming the motion to dismiss into a motion for summary judgment under Federal Rule of Civil Procedure 56. There are two recognized exceptions, however, in which a court may consider evidence otherwise outside of the complaint without converting the motion: (1) evidence that the court has judicially noticed, and (2) evidence incorporated, either literally or by reference, into the plaintiff's complaint. *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001).

In deciding whether a complaint will survive a 12(b)(6) motion, the Court does not need to accept a complaint's legal conclusions, but it does accept as true all the complaint's factual allegations, i.e., the plaintiff's factual description of what happened. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Additionally, the Court must interpret the complaint's allegations "in the light most favorable to the plaintiff." *Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). However, "the court need not accept as true allegations that contradict facts which may be judicially noticed." *Westlands Water Dist. v. U.S. Dept. of Interior, Bureau of Reclamation*, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992) (citing *Mullis v. U.S. Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987)). The Court similarly is not required to accept as true allegations that contradict documents that are incorporated into the complaint. *See Spinedex Physical Therapy USA, Inc. v. United Healthcare of Ariz., Inc.*, 661 F. Supp. 2d 1076, 1083 (D. Ariz. 2009).

A complaint will be dismissed for failure to state a claim if it lacks either "a cognizable legal theory or . . . sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To allege sufficient facts under a cognizable legal theory, a complaint must contain factual allegations from which the Court can reasonably conclude that the plaintiff is not just possibly entitled to relief, but plausibly entitled to relief. *See Iqbal*, 556 U.S. at 678.

III.    ANALYSIS

### A. Administrative Exhaustion

Defendant argues that Plaintiff failed to exhaust her administrative remedies because the allegations in the FAC exceed the scope of her EEOC Charge. (Doc. 20 at 6–7). Specifically, Defendant contends that the Charge does not identify Plaintiff's disabilities, does not allege that Defendant denied her requests for accommodation, and therefore cannot support the claims now pleaded in the FAC. (Doc. 20 at 7). The Court disagrees.

### i. Legal Standard

Before commencing a civil action under the ADA, a plaintiff must first file a charge of discrimination with the EEOC. *See* 42 U.S.C. § 12117(a) (incorporating the procedures set forth in Title VII); 42 U.S.C. § 2000e-5(e), (f). The charge-filing requirement is "mandatory in the sense that a court must enforce the rule if a party properly raises it." *Fort Bend County, Texas v. Davis*, 587 U.S. 541, 548–49 (2019).

Whether a plaintiff has exhausted her administrative remedies depends on the "fit" between the EEOC charge and the subsequent judicial complaint. *Ong v. Cleland*, 642 F.2d 316, 318 (9th Cir. 1981). The absence of a "perfect fit" is not fatal to judicial review. *Id.* at 319. Rather, the district court has jurisdiction over claims that are "like or reasonably related to" the allegations in the EEOC charge, "as well as charges that are within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations." *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) (citing *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990)). In determining whether a claim is "like or reasonably related," courts "consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1100 (9th Cir. 2002).

The Ninth Circuit Court of Appeals has cautioned, however, that the "like or reasonably related" standard has limits. A court should not consider claims "if the facts of

- 4 -

the complaint differ from the facts contained in the administrative charge to such an extent that consideration by the court would circumvent the policies behind the exhaustion requirement." *Ong*, 642 F.2d at 319. The charge "must at least describe the facts and legal theory with sufficient clarity to notify the agency that employment discrimination is claimed." *Id.* at 318. A finding that an EEOC charge "with no mention whatsoever of disability is 'like or reasonably related to' [a] disability claim would reduce the exhaustion requirement to a mere formality." *Leong*, 347 F.3d at 1122.

At the same time, courts must be mindful that EEOC charges are often prepared by laypersons without legal training. The Ninth Circuit Court of Appeals therefore construes EEOC charges "with utmost liberality." *Id.*; *see also B.K.B.*, 276 F.3d at 1100. The question is not whether the charge articulated every fact or legal theory later asserted, but whether it provided sufficient notice to permit investigation and conciliation.

### ii. Application

Here, the Court finds that Plaintiff's Charge, construed liberally, is sufficiently related to the claims in the FAC to satisfy the exhaustion requirement.

First, Plaintiff checked the "disability" box on the Charge form, indicating she was alleging discrimination on the basis of disability. (Doc. 13-1 at 14). The Charge specified a date range of discriminatory conduct from January 1, 2024 through April 18, 2024—the date of her termination. (*Id.*).

Second, the Charge described facts relating to both disabilities and both requests for accommodation now alleged in the FAC:

- Regarding her foot condition, the Charge stated that "[i]n or around January 2024, I was told I needed to wear company scrubs. I reminded supervisor Ruby Go[d]inez of my doctor's note and that I was excused." (*Id.*).
- Regarding her arm condition, the Charge stated that "it was painful to write" and that Plaintiff needed access to a printer. (*Id.*).

Although the Charge did not use the terms "club foot" or "arm surgery," it described the functional limitations such as difficulty wearing standard scrubs due to a medical

condition and pain while writing. These form the basis of Plaintiff's accommodation requests. An EEOC investigation into these allegations could reasonably be expected to uncover the underlying medical conditions causing these limitations. The exhaustion inquiry focuses on what the EEOC investigation would reasonably encompass, not the precision of medical terminology used in the Charge.

Third, the Charge identified the same supervisor (Ruby Godinez), the same employer (Defendant), and the same time period (January 2024 through termination) as the FAC. The alleged basis of discrimination—disability—is identical.

Defendant argues that the Charge does not specifically allege that Defendant denied Plaintiff's accommodation requests. (Doc. 20 at 6). Defendant points to the Charge's statement that Plaintiff "reminded" her supervisor of the doctor's note, which Defendant contends does not allege any wrongdoing. (Doc. 20 at 7–8). The Court is not persuaded. Construed liberally, the Charge states that Plaintiff was "told" she was required to wear company scrubs and then responded by reminding her supervisor of her medical excuse. Read together, these allegations reasonably imply a dispute over whether Plaintiff would be permitted to deviate from the dress code due to her medical condition. This is sufficient to put Defendant on notice that Plaintiff was claiming Defendant failed to honor her request for accommodation.

Defendant also points to statements Plaintiff made during the EEOC's Pre-Determination Interview, in which the investigator noted that Plaintiff "continued wearing her own pants" and that her doctor cleared her from arm-related restrictions as of January 25, 2023. (Doc. 13-1 at 18). Defendant argues these statements contradict the FAC's allegations and demonstrate that Plaintiff's claims lack merit. (Doc. 20 at 8).

The Court declines to resolve this alleged discrepancy at the pleading stage. While the Court may consider the EEOC Charge and related documents that are incorporated by reference into the FAC, the purpose of doing so at this stage is to assess whether Plaintiff exhausted her administrative remedies—not to determine on the merits of the claim. At the 12(b)(6) stage, the Court accepts Plaintiff's well-pleaded factual allegations as true.

Finally, this case is distinguishable from *Leong v. Potter*, on which Defendant relies. (Doc. 22 at 3–4). In *Leong*, the plaintiff's EEOC charge alleged discrimination based on "race, color, religion, sex, national origin, and/or age" but made no mention whatsoever of disability. 347 F.3d at 1122. The Ninth Circuit found that "[n]othing in Leong's affidavit would have led the EEOC to suspect that he was disabled or had been subjected to disability discrimination." *Id.* Here, by contrast, Plaintiff checked the disability box, described medical limitations affecting her ability to wear standard clothing and to write, and referenced a doctor's note. The Charge, while not a model of clarity, provided sufficient notice that Plaintiff was claiming disability-based discrimination related to her employer's failure to accommodate her medical conditions.

Accordingly, the Court finds that Plaintiff's claims in the FAC are "like or reasonably related to" the allegations in her EEOC Charge and fall within the scope of an investigation that could reasonably be expected to grow out of those allegations. Plaintiff has therefore satisfied the administrative exhaustion requirement and the Court will deny Defendant's Motion to Dismiss on this ground.

### B. Statute of Limitations

A plaintiff must file a charge with the EEOC within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). This period is extended to 300 days if the plaintiff initially instituted proceedings with a state or local agency with authority to grant or seek relief. *Id.* Arizona is a "deferral state," meaning the 300-day deadline applies. *Cox v. Glob. Tool Supply LLC*, 629 F. Supp. 3d 963, 971 n.2 (D. Ariz. 2022). Here, Plaintiff filed her EEOC Charge on December 12, 2024. (Doc. 13-1 at 15). Thus, only the alleged unlawful employment practices that occurred after February 16, 2024 are considered timely.

An employer's denial of an accommodation request is considered a discrete discriminatory act rather than a continuing violation. *See Cherosky v. Henderson*, 330 F.3d 1243, 1247–48 (9th Cir. 2003). A discrete discriminatory act is considered to have "occurred" on the day it happened, and a plaintiff must file a charge within 300 days of

1    that act. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109–10 (2002).

2        Defendant argues that Plaintiff's allegations regarding the "company scrubs" issue

3    are time-barred because the Charge only referenced one event occurring "in or around

4    January 2024," which falls outside the 300-day limitations period. (Doc. 20 at 8–9).

5        The Court finds Defendant's argument unpersuasive. The Charge itself lists a date

6    range of discriminatory conduct from "January 1, 2024" through "April 18, 2024." (Doc.

7    13-1 at 14). Although the Charge references a specific conversation about scrubs occurring

8    "in or around January 2024," it does not state that this was the only instance of alleged

9    discrimination. Moreover, the FAC—which the Court must accept as true at this stage—

10   alleges that Plaintiff "brought this issue to Defendant's attention numerous times during

11   her employment, even up to the time shortly before her termination in April 2024," and

12   that "Defendant refused to allow Rodriguez this reasonable accommodation and instead

13   insisted that she wear Defendant's scrubs despite her disability." (Doc. 19 ¶¶ 16–17). Each

14   discrete denial of a request for accommodation is a separately actionable event. *Morgan*,

15   536 U.S. at 114; *Cherosky*, 330 F.3d at 1247–48. Therefore, construing the Charge liberally

16   and taking as true Plaintiff's allegation that Defendant denied her accommodation request

17   "shortly before her termination in April 2024," even if the alleged January 2024 denial is

18   time-barred, Plaintiff has sufficiently alleged an unlawful employment practice that

19   occurred within the 300-day period. Accordingly, the Court will deny Defendant's Motion

20   to Dismiss on this ground.

21                            **C.  Punitive Damages**

22       Defendant argues that Plaintiff's request for punitive damages should be dismissed

23   because the FAC contains no factual allegations suggesting Defendant acted with malice

24   or reckless indifference to Plaintiff's federally protected rights. (Doc. 20 at 9–10).

25       A request for damages "is not immaterial, because whether these damages are

26   recoverable relates directly to the plaintiff's underlying claim for relief." *Whittlestone, Inc.*

27   *v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). Although punitive damages under

28   the ADA require proof that the employer acted with malice or reckless indifference to

federally protected rights, the Court declines to foreclose this form of relief at the pleading stage. Whether punitive damages are warranted depends on facts to be developed through discovery and proven at trial.

Defendant's Motion is denied without prejudice to raising this issue at summary judgment.

### D. Back Pay and Front Pay

Defendant argues that Plaintiff is barred from seeking back pay and front pay because 42 U.S.C. § 1981a(b)(2) excludes back pay from compensatory damages. (Doc. 20 at 10). Defendant misreads the statute.

Section 1981a(b)(2) does not eliminate back pay or front pay as remedies. Rather, it clarifies that back pay is separately authorized as equitable relief under 42 U.S.C. § 2000e-5(g)(1), which the ADA incorporates. *See* 42 U.S.C. § 12117(a); *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 848, 853 (2001). The Ninth Circuit Court of Appeals has consistently recognized that back pay and front pay are equitable remedies available under the ADA. *See Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1069 (9th Cir. 2005).

Whether Plaintiff can ultimately recover back pay or front pay depends on facts to be developed in discovery. At this stage, the Court cannot determine whether back pay or front pay is appropriate. Thus, Defendant's Motion to Dismiss on this ground is denied.

### E. Attorneys' Fees

Defendant requests an award of attorneys' fees under 42 U.S.C. §§ 2000e-5(k) and 12205, arguing that Plaintiff's claims are frivolous and that her FAC contradicts statements she made to the EEOC. (Doc. 20 at 10).

Under the ADA, a court may award attorneys' fees to the prevailing party. 42 U.S.C. § 12205. However, fees may be awarded against a plaintiff only where the action is "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). This is a high bar. A case is not frivolous simply because the plaintiff did not ultimately prevail—it must be one that "the plaintiff should have known

1    from the outset . . . was groundless." *Id.* at 422.

2          Plaintiff's claims are not frivolous. Plaintiff filed an EEOC Charge, received a right-

3    to-sue letter, and alleges plausible facts supporting a failure-to-accommodate claim under

4    the ADA. That the EEOC declined to investigate does not render her claims groundless.

5    Moreover, as set forth above, the Court has concluded that Plaintiff adequately pleaded her

6    claims and satisfied the exhaustion requirement. Defendant's request for attorneys' fees is

7    therefore denied.

8          **IV.    CONCLUSION**

9          Accordingly,

10          **IT IS ORDERED** that Defendant's Motion to Dismiss First Amended Complaint

11    (Doc. 20) is DENIED.

12          **IT IS FURTHER ORDERED** that Defendant shall file an Answer to the First

13    Amended Complaint within fourteen (14) days of the date of this Order.

14          Dated this 23rd day of February, 2026.

15

16

17

18                                         James A. Teilborg
                                    Senior United States District Judge
19

20

21

22

23

24

25

26

27

28

- 10 -